# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
JEFFREY ROBERT RUBACK § Case No. 14-11347
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ___ of the United States Bankruptcy Code was filed on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                  $

　　　Funds were disbursed in the following amounts:

　　　Payments made under an interim disbursement
　　　Administrative expenses
　　　Bank service fees
　　　Other payments to creditors
　　　Non-estate funds paid to 3rd Parties
　　　Exemptions paid to the debtor
　　　Other payments to the debtor

　　　Leaving a balance on hand of[1]               $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

  5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

  6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

  7.  The Trustee's proposed distribution is attached as **Exhibit D**.

  8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

  The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

  Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Miriam R. Stein_____
               Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 14-11347 | JBS | Judge: | Jack B. Schmetterer | Trustee Name: | Miriam R. Stein |
|---|---|---|---|---|---|---|
| Case Name: | JEFFREY ROBERT RUBACK | | | | Date Filed (f) or Converted (c): | 03/28/2014 (f) |
| | | | | | 341(a) Meeting Date: | 05/12/2014 |
| For Period Ending: | 02/05/2015 | | | | Claims Bar Date: | 09/10/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 5646 N. Ottawa Chicago, IL 60631 - (Debtors primary residen | 343,900.00 | 58,232.00 | | 408,000.00 | FA |
| 2. Cash on Hand | 100.00 | 0.00 | | 0.00 | FA |
| 3. Household Goods; tv, vcr, stereo, couch, utensils, vacuum, t | 1,000.00 | 0.00 | | 0.00 | FA |
| 4. Necessary wearing apparel | 200.00 | 0.00 | | 0.00 | FA |
| 5. watch, costume jewelry | 50.00 | 0.00 | | 0.00 | FA |
| 6. Money owed for subcontracting jobs completed on behalf of Hi | 4,000.00 | 4,000.00 | | 0.00 | FA |
| 7. 1999 Chevrolet Tahoe. Joint with Michelle Davenport. | 1,000.00 | 0.00 | | 0.00 | FA |
| 8. 1989 Shore Lander boat trailer. Joint with Michelle Davenpor | 800.00 | 0.00 | | 0.00 | FA |
| 9. 1989 Hurricane FD196 boat (SURRENDER). Bald Knob Marina is i | 2,500.00 | 2,500.00 | | 0.00 | FA |
| INT. Void (u) | 0.00 | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $353,550.00   $64,732.00   $408,000.00   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Final report ready to be filed. Real estate sold.
TFR filed and pending approval from UST. 1/15/15.

Initial Projected Date of Final Report (TFR): 05/15/2015    Current Projected Date of Final Report (TFR): 05/15/2015

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 14-11347 | | Trustee Name: | Miriam R. Stein |
| Case Name: | JEFFREY ROBERT RUBACK | | Bank Name: | Associated Bank |
| | | | Account Number/CD#: | XXXXXX8663 |
| | | | | Checking |
| Taxpayer ID No: | XX-XXX3920 | | Blanket Bond (per case limit): | |
| For Period Ending: | 02/05/2015 | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 09/04/14 | | Chicago Title and Trust Company 10 S. LaSalle Street Chicago, IL 60603 | from liquidation of residence (net proceeds) | | $32,356.09 | | $32,356.09 |
| | | | Gross Receipts $408,000.00 | | | | |
| | | Closing Costs | Closing Costs ($19,272.39) | 2500-000 | | | |
| | | Broker's Commission | Closing Costs ($17,800.00) | 3510-000 | | | |
| | | Citimortgage, Inc. | First Mortgage ($255,815.42) | 4110-000 | | | |
| | | First Security Trust and Savings | Second Mortgage ($54,000.00) | 4110-000 | | | |
| | | Debtor's Exemption | Exemption ($7,500.00) | 8100-002 | | | |
| | | Payment to Co-Owner - Michelle Davenport | Co-Owner Payment ($21,256.10) | 8500-002 | | | |
| | 1 | | 5646 N. Ottawa Chicago, IL 60631 - (Debtors primary residen $408,000.00 | 1110-000 | | | |
| 10/07/14 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $40.33 | $32,315.76 |
| 11/07/14 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $48.04 | $32,267.72 |
| 11/19/14 | 101 | Clerk of the U.S. Bankruptcy Court United States Bankruptcy Court 219 S. Dearborn Street, 7th Floor Chicago, IL 60604 | Court Cost | 2700-000 | | $250.00 | $32,017.72 |
| 12/01/14 | 101 | Clerk of the U.S. Bankruptcy Court United States Bankruptcy Court 219 S. Dearborn Street, 7th Floor Chicago, IL 60604 | Court Cost Reversal Check made in the wrong amount. Reissued check for $176.00 | 2700-000 | | ($250.00) | $32,267.72 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*      Page Subtotals:      $32,356.09      $88.37

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 14-11347 | Trustee Name: | Miriam R. Stein |
| Case Name: | JEFFREY ROBERT RUBACK | Bank Name: | Associated Bank |
| | | Account Number/CD#: | XXXXXX8663 |
| | | | Checking |
| Taxpayer ID No: | XX-XXX3920 | Blanket Bond (per case limit): | |
| For Period Ending: | 02/05/2015 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/01/14 | 102 | Clerk of the Bankruptcy Court<br>U.S. Bankruptcy Court<br>219 S. Dearborn Street, 7th Floor<br>Chicago, IL 60604 | Court Cost | 2200-000 | | $176.00 | $32,091.72 |
| 12/05/14 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $46.43 | $32,045.29 |

|   |   |   |
|---|---|---|
| COLUMN TOTALS | $32,356.09 | $310.80 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $32,356.09 | $310.80 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $32,356.09 | $310.80 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*    Page Subtotals:    $0.00    $222.43

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX8663 - Checking | $32,356.09 | $310.80 | $32,045.29 |
| | $32,356.09 | $310.80 | $32,045.29 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $375,643.91 |
| Total Net Deposits: | $32,356.09 |
| Total Gross Receipts: | $408,000.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 14-11347
Debtor Name: JEFFREY ROBERT RUBACK
Claims Bar Date: 9/10/2014

Date: February 5, 2015

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| FEE 100 2100 | Miriam R. Stein<br>30 South Wacker Drive<br>Suite 2600<br>Chicago, IL 60606 | Administrative | | $0.00 | $20,000.00 | $20,000.00 |
| 100 3210 | Frank Gecker LLP<br>325 N. LaSalle Street<br>Suite 625<br>Chicago, IL 60654 | Administrative | | $0.00 | $9,000.00 | $9,000.00 |
| 100 3410 | Alan D. Lasko<br>Alan D. Lasko & Associates, P.C.<br>29 SOUTH LASALLE STREET<br>SUITE 1240<br>CHICAGO, IL 60603 | Administrative | | $0.00 | $1,183.95 | $1,183.95 |
| 2 280 5800 | IRS<br>P.O. BOX 7346<br>PHILADELPHIA, PA 19101-7346 | Priority | | $0.00 | $1,368.03 | $1,368.03 |
| 1 300 7100 | Discover Bank<br>Db Servicing Corporation<br>Po Box 3025<br>New Albany, Oh 43054-3025 | Unsecured | | $0.00 | $864.69 | $864.69 |
| 2A 300 7100 | IRS<br>P.O. BOX 7346<br>PHILADELPHIA, PA 19101-7346 | Unsecured | | $0.00 | $87.78 | $87.78 |
| 3 300 7100 | VERIZON<br>c/o American Infosource LP<br>Po Box 248838<br>Oklahoma City, Ok 73124-8838 | Unsecured | | $0.00 | $419.23 | $419.23 |
| 4 300 7100 | First Security Trust And Savings Bank<br>,<br>An Illinois Banking Corporation<br>C/O William M. Smith & Associates<br>8102 W. 119Th Street, Suite 150<br>Palos Park, Illinois 60464 | Unsecured | | $0.00 | $7,948.66 | $7,948.66 |
| | Case Totals | | | $0.00 | $40,872.34 | $40,872.34 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 1                                    Printed: February 5, 2015

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-11347
Case Name: JEFFREY ROBERT RUBACK
Trustee Name: Miriam R. Stein

    Balance on hand    $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Miriam R. Stein | $ | $ | $ |
| Attorney for Trustee Fees: Frank Gecker LLP | $ | $ | $ |
| Accountant for Trustee Fees: Alan D. Lasko | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses    $_____

    Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | IRS | $ | $ | $ |

    Total to be paid to priority creditors    $_____

    Remaining Balance    $_____

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $ | $ | $ |
| 2A | IRS | $ | $ | $ |
| 3 | VERIZON | $ | $ | $ |
| 4 | First Security Trust And Savings Bank | $ | $ | $ |

    Total to be paid to timely general unsecured creditors    $_____

    Remaining Balance    $_____

    Tardily filed claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE